1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

JACK R. KOCH,

                              Plaintiff,

        vs.

BILL LOCKYER, et al.,

                              Defendants.

CASE NO. 03-CV-2067 - IEG (LSP)

ORDER:

(1) DENYING MOTION PURSUANT TO 28 U.S.C. § 1367(a); and

(2) DENYING MOTION FOR SUMMARY JUDGMENT.

[Doc. Nos. 235, 237]

        Currently before the Court are Plaintiff's Motion Pursuant to 28 U.S.C. § 1367(a) and Plaintiff's Motion for Summary Judgment, filed on March 25, 2010. [Doc. Nos. 235, 237]. For the reasons set forth below, the Court **DENIES** both motions.

                                                **BACKGROUND**

        Plaintiff, formerly incarcerated at the Richard J. Donovan Correctional Facility ("Donovan"), brought this suit on October 17, 2003, alleging civil rights violations pursuant to 42 U.S.C. § 1983. As amended, the complaint asserted that Plaintiff's Fourth, Fifth, Eighth, and Fourteenth Amendment rights were violated when Donovan prison officials forcibly collected DNA samples from Plaintiff. The Court eventually dismissed with prejudice and without leave to amend Plaintiff's causes of action for violations of the Fifth, Eighth, and Fourteenth Amendments. [See Doc. Nos. 79, 141]. The Court then granted summary judgment in favor of Defendants on the Fourth Amendment claim, finding that

1  Defendants did not violate Plaintiff's Fourth Amendment rights, or if they did, that Defendants were

2  entitled to qualified immunity. [Doc. No. 205]. Plaintiff appealed. The Ninth Circuit affirmed in part

3  and reversed in part, concluding that although Defendants violated Plaintiff's Fourth Amendment

4  rights by forcibly taking his DNA under the alleged circumstances, they were nonetheless entitled to

5  qualified immunity against damages. [Doc. No. 226]. According to the Ninth Circuit, given the

6  complexity and novelty of the issues presented, reasonable officials could not have understood that

7  their actions violated Plaintiff's constitutional rights. [Id.] Plaintiff's petition for a writ of certiorari

8  to the Supreme Court of the United States was denied on February 22, 2010. (See Pl. Notice & Motion

9  for Award of All Allowable Costs and Fees, Ex. C [Doc. No. 231].)

10       On March 25, 2010, Plaintiff filed the present motions. In his first motion, Plaintiff asks the

11  Court to exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) over the state law claims for

12  assault (Cal. Penal Code § 240 and Cal. Civil Code § 43) and battery (Cal. Penal Code § 242). [See

13  Doc. No. 235]. In his second motion, Plaintiff seeks summary judgment on his Fourth Amendment

14  claim as well as his claims for assault, battery, and unlawful use of force. [See Doc. No. 237].

15  **DISCUSSION**

16  **I.      Motion pursuant to 28 U.S.C. § 1367(a)**

17       Section 1367(a) provides that "the district courts shall have supplemental jurisdiction over all

18  other claims that are so related to [federal claims] that they form part of the same case or controversy

19  under Article III." 28 U.S.C. § 1367(a). In the present case, there is no basis for Plaintiff's request for

20  supplemental jurisdiction because Plaintiff's Third Amended Complaint does not allege any "other

21  claims" besides the federal claims. (See Third Amended Complaint, at 38, 51 [Doc. No. 103].)

22  Accordingly, the Court **DENIES** Plaintiff's Motion Pursuant to 28 U.S.C. § 1367(a).

23  **II.      Motion for summary judgment**

24       With respect to Plaintiff's motion for summary judgment, the Court has previously granted

25  Defendants' motion for summary judgment on the Fourth Amendment claim. [See Doc. No. 205]. The

26  Court, however, may reconsider its grant of summary judgment under either Federal Rule of Civil

27  Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). See Sch.

28  Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). Reconsideration

1  is appropriate if the Court "(1) is presented with newly discovered evidence, (2) committed clear error

2  or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling

3  law." Id. at 1263 (citation omitted); accord Advanced Semiconductor Materials Am., Inc. v. Applied

4  Materials, Inc., 922 F. Supp. 1439, 1442 (N.D. Cal. 1996) ("A moving party may renew a motion for

5  summary judgment notwithstanding denial of an earlier motion by showing a different set of facts or

6  some other reason justifying renewal of the motion.").

7       In the present case, Plaintiff cannot point to any ground that would support reconsideration.

8  As already noted, this Court previously granted summary judgment in favor of Defendants on the

9  Fourth Amendment claim, finding that Defendants did not violate Plaintiff's Fourth Amendment

10  rights, or if they did, that Defendants were entitled to qualified immunity. [Doc. No. 205]. Although

11  Plaintiff correctly notes that the Ninth Circuit subsequently determined that Defendants did violate

12  his Fourth Amendment rights, the Ninth Circuit nonetheless affirmed this Court's ultimate disposition

13  by finding that Defendants were entitled to qualified immunity against damages. [Doc. No. 226].

14  Accordingly, the Court finds no ground that would justify reconsidering its prior ruling on Plaintiff's

15  Fourth Amendment claim. Likewise, with respect to Plaintiff's state law claims, although Plaintiff

16  correctly notes that qualified immunity does not apply to state law claims, see Cousins v. Lockyer,

17  568 F.3d 1063, 1072 (9th Cir. 2009), none of these claims were part of Plaintiff's amended complaint

18  and therefore cannot form the basis for a summary judgment motion.

19       **CONCLUSION**

20       For the foregoing reasons, the Court **DENIES** both motions.

22       **IT IS SO ORDERED.**

24  **DATED:  April 14, 2010**

25       **IRMA E. GONZALEZ, Chief Judge**
26       **United States District Court**