# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK R. KOCH,<br><br>　　　　　　　Plaintiff,<br>　vs.<br><br>BILL LOCKYER, et al.,<br><br>　　　　　　　Defendants. | CASE NO. 03-CV-2067 - IEG (LSP)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR AWARD OF ALL ALLOWABLE COSTS AND FEES<br><br>[Doc. No. 231] |

Currently before the Court is Plaintiff's motion for award of attorney's fees and costs. For the reasons set for below, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion.

**BACKGROUND**

Plaintiff, formerly incarcerated at the Richard J. Donovan Correctional Facility ("Donovan"), brought this suit on October 17, 2003, alleging civil rights violations pursuant to 42 U.S.C. § 1983. As amended, the complaint asserted that Plaintiff's Fourth, Fifth, Eighth, and Fourteenth Amendment rights were violated when Donovan prison officials forcibly collected DNA samples from Plaintiff. The Court eventually dismissed with prejudice and without leave to amend Plaintiff's causes of action for violations of the Fifth, Eighth, and Fourteenth Amendments. [See Doc. Nos. 79, 141]. The Court then granted summary judgment in favor of Defendants on the Fourth Amendment claim, finding that Defendants did not violate Plaintiff's Fourth Amendment rights, or if they did, that Defendants were entitled to qualified immunity. [Doc. No. 205]. Plaintiff appealed. The Ninth Circuit affirmed in part

1  and reversed in part, concluding that although Defendants violated Plaintiff's Fourth Amendment
2  rights by forcibly taking his DNA under the alleged circumstances, they were nonetheless entitled to
3  qualified immunity against damages. [Doc. No. 226]. According to the Ninth Circuit, given the
4  complexity and novelty of the issues presented, reasonable officials could not have understood that
5  their actions violated Plaintiff's constitutional rights. [Id.] Nonetheless, because Defendants collected
6  Plaintiff's DNA in violation of his Fourth Amendment rights, the Ninth Circuit ordered the Attorney
7  General and the California Department of Corrections and Rehabilitation to permanently relinquish
8  or destroy any data or information relating to or derived from Plaintiff's DNA. [Id.] Plaintiff's petition
9  for a writ of certiorari to the Supreme Court of the United States was denied on February 22, 2010.
10 (See Pl. Notice & Motion for Award of All Allowable Costs and Fees, Ex. C [Doc. No. 231].)

11       On March 4, 2010, Plaintiff filed the present motion, seeking recovery of all allowable fees
12 and costs. Plaintiff sought the following in his initial motion: (1) $77,350.00 for legal research and
13 writing (1,100 hours multiplied by $65.00 per hour fee); (2) $184.40 in out of pocket costs for copies;
14 (3) $50.00 in out of pocket costs for postage; (4) $805.00 in out of pockets costs for preparing for and
15 attending a hearing at the Ninth Circuit; and (5) $450.00 in filing fees. However, having received
16 Defendants' objections, Plaintiff has modified his demand to: (1) $38,375.00 for legal research and
17 writing; (2) $184.40 for copies and $50 for postage; and (3) $150.00 for district court filing fee.

18                                      **DISCUSSION**

19 **I.**    **Attorney fees**

20       Defendants first object to Plaintiff's attempt to recover what they deem as "attorney's fees"
21 for legal research and writing. Pursuant to 42 U.S.C. § 1988, in any action to enforce a provision of
22 Section 1983, the court may allow the prevailing party to recover reasonable attorney's fee as part of
23 the costs. However, the Supreme Court has concluded that a *pro se* litigant is *not* entitled to a recovery
24 of attorney's fees pursuant to Section 1988. See Kay v. Ehrler, 499 U.S. 432, 437-38 (1991). In the
25 present case, Plaintiff's adjusted demand for $38,375 for legal research and writing (595 hours
26 multiplied by $65.00 per hour fee) is nothing more than an attempt to recover the equivalent of
27 attorney's fees for the work done on the case. Accordingly, because Plaintiff was proceeding *pro se*,
28 he is not entitled to recover anything in this regard. See id.

**II.   Costs**

    A.    Propriety of the motion

Defendants next object to Plaintiff's attempt to recover out-of-pocket costs.[1] Rule 54(d)(1) of the Federal Rules of Civil Procedure ("FRCP") establishes that the prevailing party shall be allowed to recover its costs unless the court directs otherwise. Costs that may be taxed are specified in 28 U.S.C. § 1920. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987) ("Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)."). Courts, however, are free to interpret the meaning of "costs" within Section 1920. Alflex Corp. v. Underwriters Labs., Inc., 914 F.2d 175, 177-78 (9th Cir. 1990) (per curiam).

The first issue in the present case is whether Plaintiff can be considered a "prevailing party" even though the Ninth Circuit affirmed this Court's grant of summary judgment in favor of Defendants. To qualify as a prevailing party, "a civil rights plaintiff must obtain at least some relief on the merits of his claim." Farrar v. Hobby 506 U.S. 103, 111 (1992). "Whatever relief the plaintiff secures must directly benefit him at the time of the judgment or settlement." Id. (citation omitted). In the present case, although the Ninth Circuit concluded that Defendants were entitled to qualified immunity, the court nonetheless ordered the Attorney General and the California Department of Corrections and Rehabilitation to permanently relinquish or destroy any data or information relating to or derived from Plaintiff's DNA. Because this was one of the forms of relief sought by Plaintiff in his amended complaint, Plaintiff can be considered a "prevailing party" for purposes of seeking costs.

The second issue is whether Plaintiff's motion is timely, noting that the Court of Appeals issued its mandate in this case on September 9, 2009. [See Doc. No. 226]. Rule 54.1(a) of the Civil Local Rules provides that the prevailing party must file with the clerk a bill of costs "[w]ithin fourteen (14) days after entry of judgment." However, because the rule is conditioned on there being an "entry of judgment," Defendants concede that it is unclear whether this time limit applies to a party who prevails *on appeal*. Nonetheless, Defendants rely on Dippin' Dots, Inc. v. Mosey, 602 F. Supp. 2d 777 (N.D. Tex. 2009), in arguing that Plaintiff's motion is untimely. In Dippin' Dots, the court concluded

---

[1] As already mentioned, having received Defendants' objections, Plaintiff has modified his demand for costs and now seeks recovery only for the following items: (1) $184.40 for copying; (2) $50 for postage; and (3) $150.00 for district court filing fee. (See Pl. Reply, Ex. B [Doc. No. 241].)

1  that a similar reference to the "entry of judgment" in FRCP 54(d)(2)(B)(i) did not apply to a judgment
2  from the Court of Appeals. 602 F. Supp. 2d at 782-83. Rather, the court held the timeliness of a
3  motion by a party who prevails on appeal should be judged by "'a general rule of diligence.'" Id. at
4  783 (citation omitted). According to the Dippin' Dots court, "anything within 30 days shows
5  reasonable diligence." Id. In the present case, there is no reason to believe that Plaintiff was anything
6  but diligent in his attempt to seek recovery of costs. After appealing to the Ninth Circuit, Plaintiff
7  sought additional review in the Supreme Court. Plaintiff's petition for a writ of certiorari to the
8  Supreme Court was denied on February 22, 2010, and Plaintiff filed the present motion only ten days
9  later on March 4, 2010. Assuming that Plaintiff was justified in waiting until after his appeal to the
10 Ninth Circuit to file his motion for costs, as Defendants seem to concede, there is no reason why he
11 could not similarly wait until after the resolution of his petition for writ of certiorari. See id. (holding
12 that "'a general rule of reasonableness'" should apply "where the procedural posture is complicated
13 and application of the Federal Rules is unclear"). Plaintiff's motion for costs, therefore, is timely.[2]

14       The third issue is whether Plaintiff's motion is proper, because both FRCP 54(d) and Civil
15 Local Rule 54.1(a) provide that the bill of costs be filed with the clerk, not the district court. However,
16 Section 1920 expressly provides that either a judge or the clerk may tax costs. See 28 U.S.C. § 1920.
17 Moreover, as a number of courts have noted, district courts retain inherent and statutory authority to
18 consider a motion for costs in the first instance. See, e.g., BDT Prods., Inc. v. Lexmark Int'l, Inc., 405
19 F.3d 415, 418-19 (6th Cir. 2005) ("[T]he district court has the inherent and statutory authority to act
20 on motions related to costs prior to any action by the clerk based on the permissive language of Rule
21 54, the language of § 1920, and the fact that any decision by the clerk would have been subject to *de
22 novo* review by the district court."); Nelson v. Darragh Co., 120 F.R.D. 517, 518 (W.D. Ark. 1988)
23 (citing cases); Deering, Milliken & Co. v. Temp-Resisto Corp., 169 F. Supp. 453, 456 (S.D. N.Y.
24 1959) ("There is no merit in the defendants' contention that Rule 54(d), F.R.Civ.P., requires that costs
25 must be taxed in the first instance by the clerk and that the Court has no power to tax them.").
26 Accordingly, the Court can properly consider Plaintiff's motion for recovery of costs.

---

28 [2] In any event, the Court notes that even if Plaintiff's motion is untimely, the Court has discretion to consider it. See Harris v. Marhoefer, 24 F.3d 16, 20 n.4 (9th Cir. 1994) (noting that the district court has jurisdiction to consider an allegedly late motion for costs).

B.   Specific items of recovery

The final issue is the propriety of individual items for which Plaintiff seeks to recover costs. First, Plaintiff seeks to recover costs for making copies of motions and pleadings. Section 1920 allows a prevailing party to recover "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Likewise, Civil Local Rule 54.1(b)(6)(a)(1) allows recovery of the cost of copying where "copies were provided either to the court or to opposing counsel either by court order, rule or statute." On the other hand, Civil Local Rule 54.1(b)(6)(b)(2) provides that "[t]he cost of reproducing copies of motions, pleadings, notices and other routine case papers is not allowable." As a rule of statutory construction, however, separate statutes or rules should be construed "'so that they are consistent with each other,'" as by these means the drafters' intent can be given its fullest expression. See United States v. Lopez-Cavasos, 915 F.2d 474, 479 (9th Cir. 1990). In the present case, the different sub-sections of Civil Local Rule 54.1 can easily be reconciled by holding that a prevailing party *can* recover the cost of "reproducing copies of motions, pleadings, notices and other routine case papers" *as long as* those copies "were provided either to the court or to opposing counsel either by court order, rule or statute." Accordingly, Plaintiff can recover the costs for copying to the extent they were incurred for making copies of motions and pleadings that were *required* to be provided to the court and opposing counsel.

Second, Plaintiff seeks to recover costs spent on postage. Section 1920 says nothing about recovery of postage costs. Other courts to consider the issue, however, have concluded that postage costs are "clearly nonrecoverable." Duckworth v. Whisenant, 97 F.3d 1393, 1399 (11th Cir. 1996); accord El-Fadl v. Cent. Bank of Jordan, 163 F.R.D. 389, 390 (D. D.C. 1995) (citing cases). Accordingly, Plaintiff cannot recover costs for postage.

Finally, Plaintiff seeks to recover costs for the filing fee paid. [See Doc. No. 2]. Section 1920 provides that filing fees paid to the clerk are recoverable. See 28 U.S.C. § 1920(1). Accordingly, Plaintiff can recover the cost of the filing fee.

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS IN PART and DENIES IN PART** Plaintiff's motion for recovery of attorney's fees and costs. The motion is **GRANTED** to the extent Plaintiff

seeks to recover for the cost of making required copies of pleadings and motions, and $150 for the cost of the filing fee paid. The motion is **DENIED** in all other respects. With respect to the costs of copying, Plaintiff shall submit to the Clerk of Court an itemized statement indicating what specific motions and pleadings were copied, how many copies were made, and to whom they were provided. Plaintiff shall do so by **May 20, 2010**.

    **IT IS SO ORDERED.**

DATED: April 29, 2010

_____
IRMA E. GONZALEZ, Chief Judge
United States District Court