# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK R. KOCH,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>ADAM ESTRELLA, Correctional Officer, et al.,<br><br>　　　　　Defendants. | CASE NO. 03-cv-2067 - IEG (LSP)<br><br>**ORDER DENYING RULE 60(b)(6) MOTION FOR RECONSIDERATION**<br><br>[Doc. Nos. 261, 263] |

　　　Currently before the Court is Plaintiff's motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(6). [Doc. Nos. 261, 263.]

## BACKGROUND

　　　Plaintiff, formerly incarcerated at the Richard J. Donovan Correctional Facility ("Donovan"), brought this suit on October 17, 2003, alleging civil rights violations pursuant to 42 U.S.C. § 1983. As amended, the complaint asserted that Plaintiff's Fourth, Fifth, Eighth, and Fourteenth Amendment rights were violated when Donovan prison officials forcibly collected DNA samples from Plaintiff. [Doc. No. 103.] The Court eventually dismissed with prejudice and without leave to amend Plaintiff's causes of action for violations of the Fifth, Eighth, and Fourteenth Amendments. [See Doc. Nos. 79, 141.] The Court then granted summary judgment in favor of Defendants on the Fourth Amendment claim, finding that Defendants did not violate Plaintiff's Fourth Amendment rights, or if they did, that Defendants were entitled to qualified

immunity. [Doc. No. 205]. Plaintiff appealed. The Ninth Circuit affirmed in part and reversed in part, concluding that although Defendants violated Plaintiff's Fourth Amendment rights by forcibly taking his DNA under the alleged circumstances, they were nonetheless entitled to qualified immunity against damages. [Doc. No. 226]. According to the Ninth Circuit, given the complexity and novelty of the issues presented, reasonable officials could not have understood that their actions violated Plaintiff's constitutional rights. [Id.] Plaintiff's petition for a writ of certiorari to the Supreme Court of the United States was denied on February 22, 2010. [See Doc. No. 231, Pl. Notice & Motion for Award of All Allowable Costs and Fees, Ex. C.]

On March 25, 2010, Plaintiff filed a motion for summary judgment on his Fourth Amendment claim as well as his claims for assault, battery, and unlawful use of force. [Doc. No. 237.] On April 14, 2010, the Court denied Plaintiff's motion for summary judgment, [Doc. No. 242], and, on August 25, 2010, the Ninth Circuit affirmed the Court's order. [Doc. No. 251.] By the present motion, Plaintiff seeks reconsideration of the Court's April 14, 2010 order denying his motion for summary judgment. [Doc. Nos. 261, 263.]

## DISCUSSION

The Ninth Circuit has stated that "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Sch. Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Specifically, Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). "The rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993).

In the present case, Plaintiff cannot point to any ground that would support reconsideration. The Court has previously granted summary judgment in favor of Defendants on Plaintiff's Fourth

1  Amendment claim on the grounds that the Defendants did not violate the Fourth Amendment and
2  the Defendants were entitled to qualified immunity. [Doc. No. 242.] Although the Ninth Circuit
3  determined that the Defendants did violate Plaintiff's Fourth Amendment rights, the Ninth Circuit
4  affirmed the Court's ultimate disposition by finding that Defendants were entitled to qualified
5  immunity. [Doc. No. 226.] With respect to Plaintiff's state law claims, none of these claims were
6  part of Plaintiff's amended complaint, and therefore, cannot form the basis for a summary
7  judgment motion. [Doc. No. 103.] In addition, Plaintiff has not shown that there were any
8  extraordinary circumstances preventing him from taking timely action to correct the judgment. To
9  the contrary, Plaintiff was able to timely challenge the Court's order denying his motion for
10 summary judgment by appealing it to the Ninth Circuit, which affirmed the Court's order. [Doc.
11 No. 251.] Accordingly, the Court finds no grounds that would justify reconsidering the Court's
12 prior order denying Plaintiff's motion for summary judgment.

## CONCLUSION

For the above reasons, the Court **DENIES** Plaintiff's Rule 60(b)(6) motion for reconsideration.

**IT IS SO ORDERED.**

**DATED:** September 21, 2011

*Irma E. Gonzalez*

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**