# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK R. KOCH,<br><br>        Plaintiff,<br><br>    vs.<br><br>ADAM ESTRELLA, Correctional Officer, et al.,<br><br>        Defendants. | CASE NO. 03-cv-2067 - IEG (LSP)<br><br>**ORDER DENYING PLAINTIFF *IN FORMA PAUPERIS* STATUS ON APPEAL** |

On October 14, 2011, Plaintiff Jack R. Koch ("Plaintiff") filed a notice of appeal to the Ninth Circuit Court of Appeals appealing this Court's September 21, 2011 order denying Plaintiff's motions for reconsideration.  [Doc. No. 269.]  On October 24, 2011, the Ninth Circuit referred the matter to this Court for the limited purpose of determining whether *in forma pauperis* status should continue for his appeal or whether the appeal is frivolous or taken in bad faith.  [Doc. No. 273.]  For the reasons below, the Court **DENIES** Plaintiff *in forma pauperis* status on appeal.

## BACKGROUND

Plaintiff, formerly incarcerated at the Richard J. Donovan Correctional Facility ("Donovan"), brought this suit on October 17, 2003, alleging civil rights violations pursuant to 42 U.S.C. § 1983.  As amended, the complaint asserted that Plaintiff's Fourth, Fifth, Eighth, and Fourteenth Amendment rights were violated when Donovan prison officials forcibly collected DNA samples from Plaintiff.  [Doc. No. 103.]  The Court eventually dismissed with prejudice

1  Plaintiff's causes of action for violations of the Fifth, Eighth, and Fourteenth Amendments. [See
2  Doc. Nos. 79, 141.] The Court then granted summary judgment in favor of Defendants on the
3  Fourth Amendment claim, finding that Defendants did not violate Plaintiff's Fourth Amendment
4  rights, or if they did, that Defendants were entitled to qualified immunity. [Doc. No. 205].
5  Plaintiff appealed. The Ninth Circuit affirmed in part and reversed in part, concluding that
6  although Defendants violated Plaintiff's Fourth Amendment rights by forcibly taking his DNA
7  under the alleged circumstances, they were nonetheless entitled to qualified immunity against
8  damages. [Doc. No. 226]. Plaintiff's petition for a writ of certiorari to the Supreme Court of the
9  United States was denied on February 22, 2010. [See Doc. No. 231, Pl. Notice & Motion for
10 Award of All Allowable Costs and Fees, Ex. C.]

11      On March 25, 2010, Plaintiff filed a motion for summary judgment on his Fourth
12 Amendment claim as well as claims for assault, battery, and unlawful use of force. [Doc. No.
13 237.] On April 14, 2010, the Court denied Plaintiff's motion for summary judgment, [Doc. No.
14 242], which was affirmed by the Ninth Circuit on August 25, 2010. [Doc. No. 251.]

15      On September 13 and 16, 2011, Plaintiff filed two motions for reconsideration. [Doc. Nos.
16 261, 263.] In the motions, Plaintiff sought reconsideration of the Court's April 14, 2010 order
17 denying his motion for summary judgment that was affirmed by the Ninth Circuit. [Id.] The
18 Court denied the motions because Plaintiff had failed to show that there was any basis for
19 reconsideration of the Court's prior order. [Doc. No. 264.] Plaintiff is now appealing that order.
20 [Doc. No. 269.]

21                              **DISCUSSION**

22      28 U.S.C. § 1915(a)(3) provides that "an appeal may not be taken *in forma pauperis* if the
23 trial court certifies in writing that it is not taken in good faith." "The good faith requirement is
24 satisfied if the petitioner seeks review of any issue that is 'not frivolous.'" Gardner v. Pogue, 558
25 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge v. United States, 369 U.S. 438, 445 (1962)). For
26 purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. See
27 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir.
28 1984).

1   Plaintiff seeks appeal of the Court's order denying his motions for reconsideration. [Doc. No. 269.] The Ninth Circuit has stated that "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Sch. Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

   Specifically, Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). "The rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993).

   Here, Plaintiff could not point to any ground that would support reconsideration. The Court previously granted summary judgment in favor of Defendants on Plaintiff's Fourth Amendment claim on the grounds that the Defendants did not violate the Fourth Amendment, and the Defendants were entitled to qualified immunity. [Doc. No. 242.] Although the Ninth Circuit determined that the Defendants did violate Plaintiff's Fourth Amendment rights, the Ninth Circuit affirmed the Court's ultimate disposition by finding that Defendants were entitled to qualified immunity. [Doc. No. 226.] With respect to Plaintiff's state law claims, none of these claims were part of Plaintiff's amended complaint, and, therefore, could not form the basis for a summary judgment motion. [Doc. No. 103.] In addition, Plaintiff did not show that there were any extraordinary circumstances preventing him from taking timely action to correct the judgment. To the contrary, Plaintiff was able to challenge the Court's order denying his motion for summary judgment by appealing it to the Ninth Circuit, which affirmed the Court's order. [Doc. No. 251.] Accordingly, Plaintiff's appeal of this Court's order denying his motions for reconsideration has no arguable basis in law or fact and would be frivolous.

///

///

## **CONCLUSION**

For the above reasons, the Court **DENIES** Plaintiff *in forma pauperis* status on appeal because the appeal is frivolous.

**IT IS SO ORDERED.**

**DATED:** October 26, 2011

*Irma E. Gonzalez*

**IRMA E. GONZALEZ, Chief Judge
United States District Court**