# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK R. KOCH,<br><br>                              Plaintiff,<br>   vs.<br>BILL LOCKYER, et al.,<br><br>                              Defendant. | CASE NO. 03cv2067 (LAB)<br><br>**ORDER DENYING LEAVE TO FILE DOCUMENTS** |

      This case, which concerned the collection of DNA from Plaintiff Jack Koch while he was a prisoner in state custody, was filed in 2003. Judge Irma Gonzalez, who was until recently assigned to the case, dismissed the complaint. On appeal, the Ninth Circuit affirmed on most issues, but found that Koch was entitled to have the state destroy his DNA sample. *Koch v. Lockyer*, 340 Fed. Appx. 372 (9th Cir. 2009). After that, Judge Gonzalez repeatedly denied Koch's requests for reconsideration and ordered that the docket be closed and no more documents filed. (Docket no. 282 (Order of March 21, 2012).) That order discussed the procedural history of this case, denied for the final time Koch's request pursuant to Fed. R. Civ. P. 59 or 60 to reopen the case, denied Koch's request to file a Fourth Amended Complaint, and said "the court will not accept any further filings from Plaintiff in this closed case." (*Id*. at 5:3–4.)

      Koch appealed that order, and the Ninth Circuit summarily affirmed. On January 17, 2013, the Ninth Circuit's mandate was spread. Koch filed a petition for writ of *certiorari* which

was denied *sub nom. Koch v. Adam Estrella*, 133 S.Ct. 2745 (2013), *reh'g denied* ___ S.Ct. ___ 2013 WL 4045252 (Aug. 12, 2013).

Judge Gonzalez has now retired, and pursuant to local rules, this case was transferred to the undersigned judge.

Koch's motion expresses his belief that his case is in fact still pending, that the Court has made a mistake in believing it was closed, and that the Clerk ought to be accepting his papers for filing. This is incorrect. Even if Judge Gonzalez had made a mistake in her order of March 21, 2012, her judgment was reviewed and affirmed by the Ninth Circuit, and no further appeal remains. Even though Koch doesn't like or agree with the result, the case is still closed and final, and all avenues of appeal have been exhausted.

Even so, Koch has repeatedly attempted to file more documents. Although he thinks the Clerk was in error to reject his order or had no authority to do so, it was in fact Judge Gonzalez who determined that the case was closed and ordered that no more documents should be accepted for filing. *See Lechner v. Capital Group Companies*, 2007 WL 2141426, at *1 (9th Cir. July 26, 2007) (holding that Fed. R. Civ. P. 5(e) was not violated when the district court, rather than the court clerk, rejected documents for filing). Here, the Court Clerk was merely carrying out that order. By initialing three separate discrepancy orders rejecting documents for filing (*see* Docket nos. 292, 293, and 294), Judge Gonzalez's law clerk was acting in obedience to that order, not adjudicating Koch's case. Similarly, the Court in a separate order is rejecting Koch's newly-submitted motion for filing, and any documents he attempts to file in this case in the future will also summarily be rejected for filing.

Koch is **ORDERED** not to call Judge Burns' chambers. If he thinks the Court was wrong to reject his motion for filing, his only remedy would be to take an appeal, although the Court certifies that such an appeal would frivolous and not be taken in good faith.

**IT IS SO ORDERED**.

DATED: November 22, 2013

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge